UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ARINE HARDNETT,

          Plaintiff,                      CIVIL ACTION NO. 04 CV 74058 DT

      v.                             DISTRICT JUDGE GERALD E. ROSEN

COMMISSIONER OF               MAGISTRATE JUDGE VIRGINIA MORGAN
SOCIAL SECURITY,

          Defendant.

_____/


## REPORT AND RECOMMENDATION

This is an action for judicial review of the defendant's decision denying plaintiff's

application for Social Security disability benefits and for supplemental security income (SSI).

Plaintiff alleged that she became disabled as of September 23, 1997, due to back pain and carpal

tunnel syndrome.  Plaintiff had a hearing at which benefits were denied by the ALJ.  She

appealed to the Appeals Council which remanded to the ALJ for another hearing.  She also filed

a separate application for disabled widow's benefit which, prior to the second hearing on the

instant application, was granted with a disability onset date of July 1, 2001.  With respect to the

instant application, a  second hearing was held March 4, 2004.  The ALJ determined, at step five

of the sequential evaluation, that plaintiff was disabled as of July 1, 2001.  However, prior to that

date,  plaintiff was unable to perform her past relevant work but retained the residual functional

capacity to perform a limited range of light work which did not involve repetitive bending,

twisting or turning, no overhead work, and no production line use of the upper extremities.  In

addition, he restricted her to simple repetitive work with limited contact with the general public

and co-workers.  The ALJ found that such work existed in significant numbers and therefore, she

was not entitled to benefits from her onset date of September 23, 1997 to July 1, 2001.  This

decision became the final decision of the agency from which plaintiff now appeals.  Thus, the

only issue before the court is whether substantial evidence supports denial of benefits prior to

July 1, 2001.

At the time of the decision, plaintiff was 56 years old.[1]  She was born in 1947, has an

eleventh grade education and no transferable skills from any of her past relevant work as a

packer and construction laborer.  (Tr. 25, 27)

The issue before the court is whether to affirm the Commissioner's determination.  In

Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989), the court held that:

> Judicial review of the Secretary's decision is limited to determining
> whether the Secretary's findings are supported by substantial
> evidence and whether the Secretary employed the proper legal
> standards in reaching her conclusion.  42 U.S.C. §405(g);
> Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L. Ed.
> 2d 842 (1971).  Substantial evidence is more than a scintilla of
> evidence but less than a preponderance and is such relevant
> evidence as a reasonable mind might accept as adequate to support
> a conclusion.  Consolidated Edison Co. v. NLRB, 305 U.S. 197,
> 229, 59 S.Ct. 206, 83 L. Ed. 2d 126 (1938).  The scope of our
> review is limited to an examination of the record only.  We do not
> review the evidence *de novo*, make credibility determinations nor
> weigh the evidence.  Reynolds v. Secretary of Health and Human
> Services, 707 F.2d 927 (5th Cir. 1983).

Brainard, 889 F.2d at 681.

---

[1]References in the record (Tr. 25, 27) to plaintiff's being a "younger individual age 45-
49" age clearly in error.

To establish a compensable disability under the Social Security Act, a claimant must demonstrate that he is unable to engage in any substantial gainful activity because he has a medically determinable physical or mental impairment that can be expected to result in death or has lasted, or can be expected to last, for at least 12 continuous months.  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a).  If a claimant establishes that he cannot perform his past relevant work, the burden is on the Commissioner to establish that the claimant is not disabled by showing that the claimant has transferable skills which enable him to perform other work in the national economy.  Preslar v. Secretary of HHS, 14 F.3d 1107 (6th Cir. 1994); Kirk v. Secretary of HHS, 667 F.2d 524, 529 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).

Plaintiff does not take issue with any findings of the ALJ, except for that related to her mental impairment.  The ALJ found that plaintiff's mental impairment did not prevent her from performing simple, repetitive work involving limited contact with the public and coworkers. Plaintiff contends that this finding is not supported by substantial evidence, and she argues that her depression during the relevant period rendered her disabled because she was unable to leave her home five days per week to attend work consistently and thus, she would be precluded from working on a sustained basis.  The government does not discuss in detail the records related to the period before July, 2001, but instead relies on examinations conducted in 2003.  (Tr. 265-66)

The court has carefully considered the medical records and other information from the relevant period and determines that they do not show the degree of impairment alleged by plaintiff.  Plaintiff relies on several specific references.  First, she cites an office note from Dr. Wyatt dated January 6, 1998.  He was treating her for neurological problems.  The scrawled note

at an office visit for physical complaints states that plaintiff  "is very depressed over multiple ----
(illegible)."  (Tr. 117)  When she was seen February 11, 1998, there is no reference to depression
in the office notes.  In April, 1998, she was examined by Dr. Hal Martens, D.O.  At that time she
was on Zoloft and Neruontin and reported no benefit.  He changed her medication to Ultram.
When examined by Dr. Martens, she did not complain of depression and no findings of mental
impairment or depression were noted.  (Tr. 129-130)  In May, 1998, she was seen by Henry
Hagenstein, D.O.  (Tr. 132-135)  She did not complain of any depression.  Dr. Hagenstein found
her to be alert, oriented and in no obvious distress.  Her mood and affect were appropriate.  (Tr.
133)  There are no findings of depression.

In March, 1998, plaintiff's treating physician Dr. Mousa Mohammed noted a diagnosis of
depression and that she was on Zoloft.  (Tr. 142)  There are no signs or findings in the office
notes to show the basis for that diagnosis.  Plaintiff cites to Dr. Mohammed's June 30, 1998
office note to support her claim about not sleeping.  That note addresses only the night before the
office visit and the lack of sleeping is related to pain–not depression.  Plaintiff reports that she
had pain all over and "didn't sleep the whole night."  (Tr. 136)  She was examined by Dr. M.H.
Amlani, M.D., in September, 1998, to evaluate her cardiac status.  She was on Zoloft, 50 mg,
daily.  She identified her problems as chest discomfort, shortness of breath, and palpitations.
She did not mention any depression.  The doctor did not list depression in his impression of her
condition.  (Tr. 151)  The diagnoses of Dr. Mohammed are only referenced as chronic pain
syndrome, possible fibromyalgia, hypertension, but no listing of depression.  No further
reference is made to depression until December 14, 1998, when that one word is listed under the

diagnosis of hypertension (HTN).  (Tr. 159)  In January, 1999, the diagnosis is again absent.

(Tr. 160) Indeed, in the brief in support of the appeal to the Appeals Council after the first

hearing, plaintiff's lawyer (the same person who represents her here) only argues that it should

be deemed a "severe impairment"–not that it is disabling.  (Tr. 173)  Indeed, it was not until after

her first hearing and denial of benefits in June, 1999, that plaintiff sought any mental health

treatment.

There are no additional records until 2003.  In 2003, plaintiff underwent psychological

evaluation by Matthew Dickson, Ph.D., at the request of the disability service.  This included the

WAIS III, Bender-Gestalt, Thematic Apperception Test, Draw-A-Person, WRAT3 and MMPI-2

testing.  At the time, she was taking pain and antidepressant medication.  She was found to have

borderline intellectual functioning.  Her responses to the MMPI personality inventory

invalidated the test.  The responses were based on poor reading ability, inability to understand

the questions, random responding, or a deliberate attempt to fake a poor score.  (Tr. 262-263)

On the projective testing, her scores evidenced carelessness and feelings of insecurity.  She had

impairment in her visual motor activity and organic brain dysfunction was suggested by the

drawings.  She displayed a desire to minimize environmental contact, was socially stiff and

simple, and was found to be a regressed individual with shallow, affectless contact with her

surroundings.  (Tr. 264)  A Medical Source Statement completed by Dr. Dickson indicates that

her ability to understand, remember, and carry out instructions is not affected by the impairment.

(Tr. 265)

Plaintiff saw a social worker at Insight for about the first six months of 2003.  In April, 2003, plaintiff reported to the social worker at Insight that she spent the last two weeks in bed with fibromyalgia and depression.  (Tr. 271)  In June, 2003, plaintiff reported that she had somewhat decreased depression but was still spending most of her time in her room.  She has been going fishing and to church with her son, however. (Tr. 269) She was taking medication for her depression and spend a good deal of the time in her house crying, sometime for no reason, but also appreciating the peace and quiet.  (Tr. 269)

In summary, the medical record supports the ALJ's findings that plaintiff can perform the limited work identified.  The restrictions resulting from her depression during the relevant time period were reasonably accommodated by the ALJ.  No treating medical source opined that she was unable to tolerate limited contact with co-workers or the general public.  In addition, even in 2003, Dr. Dickson, the psychologist, opined that her mental impairment did not affect her ability to understand, remember, or carry out instructions, or to respond adequately to coworkers, supervision, and work pressures in a work setting.  (Tr. 265-266)  Further, mental health treatment notes show that she gained substantial relief from symptoms of depression when she took the prescribed medication.  (Tr. 273)  Her activities of daily living were also considered by the ALJ.  Plaintiff reported that she took care of her grandson, made beds, breakfast, helped her grandson with his homework, played cards, attended several hours of church, washed dishes, went to a gospel event, and went out socially.  These are inconsistent with plaintiff's contention that she could not handle even limited public contact.

Accordingly, it is recommended that defendant's motion for summary judgment be granted, that of the plaintiff denied and the decision denying benefits be affirmed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

   s/Virginia M. Morgan
VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

Dated:   May 3, 2005

- 7 -

**<u>Proof of Service</u>**

The undersigned certifies that a copy of the foregoing report and recommendation was served on the attorneys of record and the Social Security Administration herein by electronic means or U.S. Mail on <u>May 3, 2005.</u>

<u>s/Jennifer Hernandez</u>
Case Manager to
Magistrate Judge Morgan