UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARINE HARDNETT,

        Plaintiff,

v.

                              Case No. 04-74058
                              Hon. Gerald E. Rosen
                              Magistrate Judge Virginia M. Morgan

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER REGARDING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    March 30, 2006   

PRESENT:  Honorable Gerald E. Rosen
                      United States District Judge

On May 3, 2005, Magistrate Judge Virginia M. Morgan issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff Arine Hardnett's motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment. Plaintiff filed objections to the R & R on May 9, 2005. Having reviewed the R & R, Plaintiff's objections, and the record as a whole, the Court finds that certain of Plaintiff's objections are well-taken, but that these challenges do not warrant a disposition of this case different from the one recommended by the Magistrate Judge.

Many of Plaintiff's objections consist merely of quarrels with certain details mentioned by the Magistrate Judge which, in Plaintiff's view, are immaterial to her substantive challenges to the decision of the Administrative Law Judge ("ALJ").  Plaintiff observes, for example, that the R & R cites the records of certain physicians as saying little or nothing about the nature or extent of Plaintiff's psychological problems.  As Plaintiff points out, however, these physicians were treating her for physical problems, and it is therefore not surprising that these records do not address possible mental health concerns.  In addition, the Court agrees with Plaintiff that the Magistrate Judge's citation to her attorney's statement in the course of the administrative proceedings that her depression was a "severe impairment," versus "disabling," (R & R at 5), has little or no significance to the issues presently before the Court.

Yet, these objections, like the corresponding statements in the R & R, have little bearing upon the dispositive question here — namely, whether the ALJ's assessment of Plaintiff's residual functional capacity ("RFC") unduly discounted the severity and extent of her acknowledged mental impairment of depression.  On this point, the Court agrees with Plaintiff that the R & R, like Defendant's underlying summary judgment motion, largely fails to address the possible significance of the records of Plaintiff's treating mental health specialists in the period from June of 1999 through March of 2001.  The records from this period are particularly significant since, as the parties agree, the only time period at issue here spans from the alleged onset date of September 23, 1997 through June 30, 2001, the date after which Plaintiff has been determined to be disabled and has

been awarded benefits.

Nonetheless, the Court's independent review of the records from this period reveals that they are compatible with the ALJ's assessment of Plaintiff's RFC. While these records, particularly in the initial period of treatment, reflect that Plaintiff suffered from significant depression, that her social interactions were limited, and that she spent a good deal of time in her room, these same records also indicate that Plaintiff made progress in these areas during the course of her treatment. By March of 2001, for example, these records report that Plaintiff had at least partially achieved the objective of leaving her house more frequently, and that she had begun to explore future job opportunities. (See Admin. Record at 219.) Similarly, a report from December of 2000 states that Plaintiff was "making good progress." (Id. at 223.) An assessment in February of 2001, moreover, found that Plaintiff exhibited normal expression, behavior, judgment, self-esteem, thought content, intellect, speech, language, and memory. (Id. at 221.)

In addition, the R & R correctly points out, as did the ALJ, that the evidence of Plaintiff's daily activities supports the conclusion that she could tolerate a work environment that entailed only limited contact with the public and co-workers and simple repetitive tasks. At an administrative hearing on March 5, 1999, for example — just shortly before Plaintiff began the mental health treatment upon which she principally relies here — Plaintiff testified that she occasionally went out socially, and that, to the extent that she had curtailed such activity, it was due to physical problems rather than mental limitations. (See Admin. Record at 311.) She further testified that she attended

weekly exercise classes for her fibromyalgia. (See id. at 313.) More generally, the R & R accurately recounts the evidence that Plaintiff took care of her grandson, did household chores, and attended church.

Plaintiff's testimony at the most recent administrative hearing on March 4, 2004 also lends some support to the ALJ's decision. She testified on that occasion that she had achieved some progress during her Insight counseling sessions, and that her condition had relapsed only more recently, after these sessions had concluded. (See id. at 330.) She further stated that she took depression medication only "every now and then" when she "fel[t] depressed," (id. at 327), thus indicating that her mental health condition was not completely disabling.[1]

Under these circumstances, the Court cannot say that the ALJ's assessment lacks substantial evidentiary support in the record. In determining Plaintiff's RFC and questioning the vocational expert, the ALJ restricted Plaintiff to simple repetitive tasks and limited contact with co-workers and the public. The records cited by Plaintiff, while plainly indicative of a severe impairment — as the ALJ recognized, (see Admin. Record at 27) — do not mandate restrictions greater than those incorporated into the ALJ's determination of Plaintiff's RFC. While Plaintiff correctly finds fault with the R & R's

---

[1]The Court recognizes that this 2004 testimony, like the 2003 mental health treatment records cited by the Magistrate Judge, provides only an indirect indication of Plaintiff's mental health condition in the relevant 1997-2001 period. Nonetheless, such evidence assumes a greater significance where, for example, Plaintiff herself seemingly characterizes her condition as having recently worsened (in 2004) after showing some improvement as a result of the treatment she received during the relevant period.

incomplete survey of the medical record, she has not established that a more comprehensive review of this record would require reversal of the ALJ's decision.

Accordingly, for these reasons, as well as the reasons set forth in the R & R,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's May 3, 2005 Report and Recommendation is ADOPTED IN PART by the Court, as amended and supplemented by the rulings in this opinion and order. Accordingly, IT IS FURTHER ORDERED that Defendant's motion for summary judgment is GRANTED, and that Plaintiff's motion for summary judgment is DENIED.

        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated: March 30, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2006, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager